UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

-----------------------------------------------------------------------x
KEENEN PARKER,

                     *Plaintiff*,

                    -against-

CITY OF NEW YORK; CHARLES HYNES;
A.D.A. ALFRED DEINGINIS; JUDGE
NEIL FIRETOG; JUDGE DELGUIDICE,

                     *Defendants*.
-----------------------------------------------------------------------x

MEMORANDUM
AND ORDER
09-CV-3026(JG)

JOHN GLEESON, United States District Judge:

        On July 15, 2009, plaintiff Keenen Parker, currently incarcerated at Rikers Island, filed this *pro se* action pursuant to 42 U.S.C. § 1983 alleging that he was maliciously prosecuted.[1] The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, but for the reasons discussed below, the complaint is dismissed.

BACKGROUND

        Plaintiff states that on May 6, 2009, he was convicted of murder. Compl. at 3. Plaintiff brings this complaint against the District Attorney of Kings County, Charles Hynes, the Assistant District Attorney who prosecuted his criminal case, Alfred Deinginis, the presiding judges in his criminal trial, Justice Delguidice and Justice Firetog, and the City of New York. Plaintiff argues that he was maliciously prosecuted and that Justice Delguidice was "very biased towards defense counsel which led [plaintiff] to go pro-se & [plaintiff] did a splendid job at

---

[1] On March 2, 2009, plaintiff filed another suit related to his arrest and criminal prosecution. *See Parker v. City of New York et al*., 09-CV-910 (JG). By Order dated May 15, 2009, plaintiff's claims against the City of New York, the New York Police Department, Charles Hynes and Robert Walsh were dismissed. Plaintiff's false arrest claims against Detective Hogan and Officers Simmonds and Hale were directed to proceed. *See* Docket Entry 6.

seperating [sic] the facts from lies." Compl. at 6, ¶ 8. Plaintiff seeks $6 million in monetary damages. Compl. at 10.

## DISCUSSION

A.  *Standard of Decision*

In reviewing plaintiff's complaint, the Court is mindful that, "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, - - , 127 S.Ct. 2197, 2200 (2007). Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C.§ 1915A. Upon review, a district court shall dismiss a prisoner complaint sua sponte if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A (b); *Liner v. Goord*, 196 F.3d 132,134 & n.1 (2d Cir. 1999) (noting that under Prison Litigation Reform Act, sua sponte dismissal of frivolous prisoner complaints is not only permitted but mandatory).

B.  *Malicious Prosecution*

In order for plaintiff to prevail on his § 1983 claim for malicious prosecution, he must show a violation of his rights under the Fourth Amendment, *Fulton v. Robinson*, 289 F.3d 188, 195 (2d Cir. 2002); *Murphy v. Lynn*, 118 F.3d 938, 944 (2d Cir. 1997), and establish the elements of a malicious prosecution claim under state law. *Russell v. Smith*, 68 F.3d 33, 36 (2d Cir. 1995); Janetka v. Dabe, 892 F.2d 187, 189 (2d Cir. 1989); *Breitbard v. Mitchell*, 390 F.Supp.2d 237 (E.D.N.Y. 2005). To establish a malicious prosecution claim under New York law, plaintiff must show (1) the initiation or continuation of a criminal proceeding against

plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions. *Russell*, 68 F.3d at 36 (2d Cir. 1995); *Posr v. Doherty*, 944 F.2d 91, 100 (2d Cir. 1991). It is clear that the charges against Parker have not terminated in his favor.

Moreover, a claim for damages under § 1983 can only be brought if plaintiff's underlying conviction is invalidated. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (discussing *Heck v. Humphrey*, 512 U.S. 477 (1994)). Before bringing an action for damages, as Parker does here, he must first succeed in overturning his conviction or having it declared invalid, whether by an administrative board, state court, or in a federal habeas corpus proceeding. *See Heck*, 512 U.S. at 486-87. Therefore, since plaintiff was recently convicted on May 6, 2009, his malicious prosecution allegations are not viable at this time and his claim is dismissed without prejudice. *See Amaker v. Weiner*, 179 F.3d 48 (2d Cir.1999) (dismissal under *Heck* is without prejudice, if plaintiff's conviction is declared invalid or called into question by a federal court's issuance of a writ of habeas corpus, the suit may be reinstated).

C.      *Prosecutorial Immunity*

Plaintiff's claims against Kings County District Attorney Charles Hynes and Assistant District Attorney Alfred Deinginis are dismissed for the additional reason that prosecutors enjoy absolute immunity from civil suits for acts committed within the scope of their official duties where the challenged activities are not investigative in nature, but rather are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *see also Doe v. Phillips*, 81 F.3d 1204 (2d Cir. 1996); *Dory v. Ryan*, 25 F.3d 81 (2d Cir. 1994). As the Second Circuit has held, "[b]ecause the immunity attaches to the official prosecutorial function, . . . and because the initiation and pursuit of a criminal

3

prosecution are quintessential prosecutorial functions, . . ., the prosecutor has absolute immunity for the initiation and conduct of a prosecution 'unless [he] proceeds in the clear absence of all jurisdiction.'" *Shmueli v. City of New York*, 424 F.3d. 231, 237 (2d Cir. 2005) (quoting *Barr v. Abrams*, 810 F.2d 358, 361 (2d Cir.1987) (citations omitted). *See also Buckley v. Fitzsimmons*, 509 U.S. 259, 274 n. 5 (1993) (acknowledging that absolute immunity shields "prosecutor's decision to bring an indictment, whether he has probable cause or not"); *Pinaud v. County of Suffolk*, 52 F.3d 1139, 1149 (2d Cir. 1995) (holding district attorneys absolutely immune from claim for malicious prosecution); *Hill v. City of New York*, 45 F.3d at 660-61 (2d Cir. 1995) (holding prosecutors and those working under their direction absolutely immune for initiating prosecution). Thus, since plaintiff's claims against defendants Charles Hynes and Alfred Deinginis pertain to plaintiff's prosecution and criminal trial, they are absolutely immune from suit in this action.

D.   *Judicial Immunity*

Plaintiff's claims against Justice Firetog and Justice Delguidice are dismissed for the additional reason that judges have absolute immunity for their judicial acts performed in their judicial capacities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). This absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Mireles*, 502 U.S. at 11 (quotation omitted). In addition, section 309(c) of the Federal Courts Improvement Act, Pub.L. No. 104-317, 110 Stat. 3847 (1996), bars injunctive relief in any § 1983 action "against a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." *Id.* § 309(c), 110 Stat. at 3853 (amending 42 U.S.C. § 1983). *Jones v.*

*Newman*, No. 98-CV-7460 (MBM), 1999 WL 493429, at *6-7 (S.D.N.Y. June 30, 1999). As the alleged wrongdoings of Justices Firetog and Delguidice in this action were acts performed in their judicial capacity in connection with plaintiff's state court criminal proceedings, plaintiff's claims against them are foreclosed by absolute immunity. *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as "frivolous" when it is clear that the defendants are immune.") (internal quotations omitted).

## CONCLUSION

Accordingly, plaintiff's complaint is dismissed. 28 U.S.C. § 1915A. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                                          JOHN GLEESON
                                                                          United States District Judge

Dated: Brooklyn, New York
       August 5, 2009